Martin R. BRYAN, Petitioner-Appellant,

v.

WARDEN, INDIANA STATE REFORM-
ATORY, Respondent-Appellee.

No. 85–2809.

United States Court of Appeals,
Seventh Circuit.

Argued March 30, 1987.
Decided May 15, 1987.

Marvin Hamilton, Law Student, Prof. Thomas Broden, Notre Dame University, Law School, Notre Dame, Ind., for petitioner-appellant.

Michael Schoening, Asst. Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before CUMMINGS, FLAUM and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

The appellant, Martin R. Bryan, was convicted of attempted murder, rape, and confinement. On direct appeal, the Indiana Supreme Court affirmed his conviction. *Bryan v. State*, 438 N.E.2d 709 (Ind.1982). Bryan subsequently petitioned for habeas corpus relief, alleging that his post-arrest confession was obtained in violation of his Fifth Amendment right to have counsel present during custodial interrogation. He also alleged that he was denied "appellate due process," because his conviction was affirmed even though a majority of the Indiana Supreme Court—although for different reasons—would have reversed his conviction. We conclude that neither issue

Bryan raises warrants the relief he seeks, and we therefore affirm the denial of his habeas petition.

### I.

Bryan was arrested for the attempted murder, rape, and confinement of a convenience store clerk. Upon arrest, he was read his *Miranda* rights, and he executed a written notice acknowledging this. However, Bryan contends that, during the ensuing interrogation, he was questioned even after he had requested an attorney. At the beginning of the defendant's interrogation, part of which was tape-recorded, the sheriff asked Bryan, "Is there any question as to your legal rights, Martin?" *Bryan v. State*, 438 N.E.2d 709, 715 (Ind.1982). Then, the following exchange took place:

> [Bryan]: No, but I think I'm gonna need a lawyer.
>
> [Sheriff]: Ok, you don't want to talk to us.
>
> A: I'll talk to you, but I'm still gonna need a lawyer.
>
> Q: Ok ... now do you want a lawyer before we ask you questions?

*Id.* Bryan did not answer the sheriff's question. Instead, he asked what the charges were against him. The defendant subsequently confessed to the abduction. The following colloquy took place immediately thereafter:

> [Sheriff]: Ok, do you want an attorney here?
>
> [Bryan]: Yea.
>
> Q: You do want an attorney.
>
> A: Yea, I sure do.
>
> Q: Ok, you understand that I can't ask you any more questions.
>
> A: That's right. I want an attorney.

*Id.* The state court found that, at this point, the tape recorder was turned off and a discussion between Bryan and two officers occurred. What took place during this interval was subject to conflicting testimony. However, when the machine was turned back on, Bryan affirmatively responded to the sheriff's statement that, "you want to give me a statement into the case and then you want an attorney." *Id.* Bryan then confessed to the crimes charged, and subsequently was convicted.

On direct appeal, the Indiana Supreme Court, which is composed of five justices, affirmed. The court concluded that the "defendant exercised his free will and voluntarily and knowingly made the confession." *Id.* at 718. Two justices, however, dissented from this finding, concluding that the state had not proven a valid waiver of Bryan's *Miranda* rights. One justice, although believing that Bryan's confession was voluntary, concluded that a hearing was needed to determine whether Bryan was competent to stand trial.

Bryan then filed a habeas petition in federal district court, alleging that he had not voluntarily waived his *Miranda* rights and that the manner in which the Indiana Supreme Court had affirmed his conviction denied him due process. The district court concluded that Bryan's confession had been voluntarily made. The district court held that Bryan's "appellate due process" claim was waived, because he failed to show sufficient cause for not raising it in his petition for rehearing to the Indiana Supreme Court.

### II.

This appeal presents the issue of whether Bryan voluntarily waived his *Miranda* rights. To make this determination, we must first decide the appropriate standard of review. This raises the issue of whether a finding by a state court that a waiver was voluntary is entitled to deference under 28 U.S.C. § 2254(d).[1] Section 2254(d) provides that in a habeas corpus proceed-

---

1. Section 2254 provides in part:
   (d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct....
   28 U.S.C. § 2254(d) (1982).

ing, state court factual findings that are reasonably based on the record are accorded a presumption of correctness.

We recently have been faced with a similar issue: whether the § 2254(d) presumption of correctness applies to state court findings that a waiver of *Miranda* rights is knowing and intelligent. *See Perri v. Director,* 817 F.2d 448 (7th Cir.1987). In *Perri,* we held that the presumption should apply because the determination of whether a waiver was knowing and intelligent was a factual inquiry. Our result, we concluded, was consistent with the Supreme Court's reasoning in *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985). Moreover, our result in *Perri* was supported by the fact that in a federal criminal case on direct appeal, the question of whether a defendant has waived his or her rights is treated as a question of fact. We conclude that, for much the same reasons we outlined in *Perri,* a state court determination that a waiver was voluntarily made is entitled to the § 2254(d) presumption.

### A.

■ In *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), the Supreme Court held that the *"ultimate issue of 'voluntariness' is a legal question,"* *id.* at 450 (emphasis added), and that this ultimate determination is subject to *de novo* federal review. The *Miller* Court was concerned with coercive techniques that could force a defendant to confess. To protect the "Fourteenth Amendment guarantee of fundamental fairness," *Miller,* 106 S.Ct. at 449, the Court held that an independent federal review of the totality of the circumstances is required. Therefore, whether or not the confession itself was voluntary, and whether it was properly admitted, are questions of law subject to *de novo* federal review, even though the subsidiary findings are questions of fact.

*Miller* does not bar our conclusion that the voluntariness of a waiver is a factual inquiry entitled to the § 2254(d) presumption. *See Perri,* 817 F.2d at 451. In fact, the Court stated: "The present case presents no occasion for us to address the question whether federal habeas courts must accord the statutory presumption of correctness to state-court findings concerning the validity of a waiver," *id.* 106 S.Ct. at 449 n. 3. The issue of whether a waiver is voluntary does not involve the same concerns that the Supreme Court expressed in *Miller.* The voluntariness of a waiver can be determined from certain factual inquiries, such as the length and circumstances of the interrogation. *See Miller,* 106 S.Ct. at 453. A state trial court is in the best position to look at these factual circumstances surrounding the waiver, and to weigh the conflicting testimony. "The resolution of conflicting stories is appropriately made by the court of initial impression and not a federal court on collateral review." *Perri,* 817 F.2d at 452 (citation omitted) (footnote omitted); *see also Miller,* 106 S.Ct. at 452. The voluntariness of a waiver—like the determination of whether a waiver is knowingly and intelligently made—is therefore a subsidiary factual inquiry best made in the state courts.

We conclude that whether a waiver of *Miranda* is voluntary is a factual determination. Therefore, state court findings on whether a defendant voluntarily waived his or her rights are entitled to the § 2254(d) presumption. *Accord Murphy v. Holland,* 776 F.2d 470, 482 (4th Cir.1985), *vacated on other grounds,* —— U.S. ——, 106 S.Ct. 1787, 90 L.Ed.2d 334 (1986); *Nelson v. McCarthy,* 637 F.2d 1291, 1295–96 (9th Cir. 1980), *cert. denied,* 451 U.S. 940, 101 S.Ct. 2021, 68 L.Ed.2d 327 (1981). *But see Ahmad v. Redman,* 782 F.2d 409, 413 (3d Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 119, 93 L.Ed.2d 66 (1986) [2]; *Finney v. Ro-*

**2.** An earlier Third Circuit case, *Patterson v. Cuyler,* 729 F.2d 925, 930 (3d Cir.1984), had concluded that the voluntariness of a waiver of *Miranda* rights was a mixed question of law and fact, but nevertheless entitled to the § 2254(d) presumption. In light of *Miller v. Fenton,* which

held that mixed questions of law and fact are not entitled to the presumption of correctness, the Third Circuit in *Ahmad* reaffirmed its holding that the voluntariness of a waiver is a mixed question of law and fact, and concluded that it

*thgerber,* 751 F.2d 858, 862 (6th Cir.), *cert. denied,* 471 U.S. 1020, 105 S.Ct. 2048, 85 L.Ed.2d 310 (1985).

Our conclusion is consistent with the treatment that this circuit gives the question of whether a defendant has voluntarily waived his or her rights in federal criminal cases on direct appeal. *See, e.g., Gorham v. Franzen,* 760 F.2d 786, 790 (7th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 255, 88 L.Ed.2d 262 (1985) (question of whether a defendant has waived his or her *Miranda* rights is a question of fact); *accord United States v. Alderdyce,* 787 F.2d 1365, 1368 (9th Cir.1986); *United States v. Binder,* 769 F.2d 595, 598 (9th Cir.1985); *cf. United States v. Hardin,* 710 F.2d 1231, 1236 (7th Cir.), *cert. denied,* 464 U.S. 918, 104 S.Ct. 286, 78 L.Ed.2d 263 (1983) ("The parameter of a consensual search like the question of the voluntariness of the consent itself, is an issue of fact...."). The treatment should be the same, because "[b]oth the district court in a federal criminal case and a state trial court have the opportunity to assess the credibility of witnesses." *Perri,* 817 F.2d at 452. Thus we conclude, as we did in *Perri* with regard to the "knowing and intelligent" prong of the waiver analysis, that it would be anomalous to accord a state trial court's factual findings less weight than the findings of a federal trial court.

The Supreme Court's recent opinion in *Connecticut v. Barrett,* —— U.S. ——, 107 S.Ct. 828, 93 L.Ed.2d 920 (1987), also supports our result. In that case, the defendant refused to give a written statement unless his attorney was present, even though he "had 'no problem' talking about the incident." *Id.* at 830 (citation omitted). The Connecticut Supreme Court reversed Barrett's conviction, holding that Barrett had invoked his right to counsel. The Supreme Court reversed, holding that Barrett had not invoked his right to counsel for all purposes, and that he acquiesced to the oral interrogation. The Supreme Court stated:

> Barrett made clear to police his willingness to talk about the crime for which he
> was suspect. The trial court found that this decision was a voluntary waiver of his rights, and there is no evidence that Barrett was "threatened, tricked, or cajoled" into this waiver.

*Barrett,* 107 S.Ct. at 831 (citation omitted). This statement also describes the case before us, because in this case the state court found that Bryan willingly discussed the crime about which he was being interrogated, and found that his confession was voluntary. Implicit in both this case and *Barrett* is a finding by the state court that the defendant's waiver was voluntary.

What is most important about *Barrett,* for our purposes, is that the Supreme Court *relied* upon the state court finding that Barrett's waiver was voluntary. At no point in the opinion did the Court challenge these state court findings. Had the Court been of the belief that the voluntariness of a waiver was a mixed question of law and fact, it would have made a *de novo* review of that finding. The Court's failure to make such a *de novo* review supports our view that the voluntariness of a waiver is a factual inquiry.

Our holding is a limited one, and we conclude only that whether a waiver is voluntary is a factual determination. This does not signal any retrenchment in the review that we make of the ultimate determination of whether a confession is voluntary. *Miller,* 106 S.Ct. at 453–54. The Supreme Court has made clear that Miranda's viability in protecting defendants from state coercion is undiminished. *See Colorado v. Connelly,* —— U.S. ——, 107 S.Ct. 515, 520–22, 93 L.Ed.2d 473 (1987). As a reviewing court, our inquiry as to whether a defendant has been forced to confess is best gleaned from the totality of the circumstances. However, this differs from the discrete inquiry of whether the waiver was voluntary. The former requires a determination of whether the process was fundamentally fair—a uniquely federal concern, *see Miller,* 106 S.Ct. at 449—while the latter concerns only a factual inquiry. With this understanding of the

is entitled to plenary review by federal habeas courts.

scope of our holding, we turn to the merits of the case.

### B.

■ Bryan contends that his waiver of his *Miranda* rights was not voluntary. We must review the record to see if the state court found that Bryan voluntarily waived his rights. Once we determine that the state court found a voluntary waiver and that this determination is supported by the record, then we must decide whether, based on the totality of the circumstances, Bryan's confession was voluntary.

In this case, the state court found that the defendant understood his rights and that he wished to make a statement without an attorney present. *Bryan v. State*, 438 N.E.2d 709, 718 (Ind.1982). The Indiana court did not make express findings as to whether Bryan voluntarily waived his *Miranda* rights. The Indiana Supreme Court, however, did conclude that: "Throughout the questioning he was asked on several occasions whether he wanted an attorney and he said no," *id.*, and that the "defendant exercised his free will and voluntarily and knowingly made the confession," *id.* We interpret these statements to be a finding that the defendant's waiver was voluntary, as well as knowing and intelligent. Therefore, the state court implicitly must have concluded that Bryan voluntarily waived his rights. Because we have previously held that findings of a waiver can be implicit in a state court's opinion and still be entitled to the § 2254(d) presumption of correctness, *see Perri*, 817 F.2d at 452, the state court's failure to expressly state that the defendant voluntarily waived his *Miranda* rights does not warrant the relief Bryan seeks.

The state trial court was in the best position to review the credibility of the witnesses, *see Miller* 106 S.Ct. at 451, and we will not disturb findings based upon disputed facts unless unsupported by the record, *see* 28 U.S.C. § 2254(d). We have thoroughly reviewed the record and conclude that this finding of a voluntary waiver is reasonably supported by the record. We conclude that the state has met its great burden and proved that Bryan voluntarily waived his *Miranda* rights. *See North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979).

Finally, there is no evidence of state coercion in the record that would suggest a constitutional violation. Bryan himself does not allege that he was forced to confess. Therefore, based upon the totality of the circumstances, and after vigorously reviewing the record, we conclude that Bryan's confession was voluntary.

### III.

■ Bryan also argues that he was denied due process because, although a majority of the Indiana Supreme Court found reversible error in his trial, the court affirmed his conviction. Bryan urges this court to "stack the appellate dissents": that is, he urges us to find that, because two justices would have reversed on one issue, and a third justice on a different issue, a majority of the Indiana Supreme Court found his conviction defective. However, we need not reach the merits of his argument, because we conclude that the district court was correct that Bryan, by failing to raise this argument in his petition for rehearing to the Indiana Supreme Court, has waived the issue.

If a defendant fails to comply with a state procedure for presenting a claim on appeal, we analyze his claims on a habeas petition under the cause and prejudice standard. Cause requires that a defendant explain why he or she has not complied with the procedural requirements. The defendant must also have been actually prejudiced by the alleged constitutional violation. *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987).

The appellate due process issue was an appropriate claim for Bryan's rehearing petition. *See* Ind.Rules of App.Proc. 11 (1981 West) (authorizing petitions for rehearing). The general rule in Indiana is that a new question cannot be raised in a petition for rehearing, *Data Processing Services, Inc.*

*v. Smith Oil Corp.*, 493 N.E.2d 1272, 1273 (Ind.App.1986). We take this to mean that issues that could have been raised in the appellate briefs may not be raised for the first time in the rehearing petition. However, there is no indication that the Indiana courts would not consider arguments in a petition for rehearing challenging the disposition of issues in the decision sought to be reheard or alleging defects in the manner in which the decision was rendered. In fact, if the Indiana courts would not consider such a petition, then petitions for rehearing would be meaningless. Therefore, we find that Indiana law permitted Bryan to raise this claim in his petition for rehearing, and that this failure constitutes a procedural default for which Bryan must show cause and prejudice.[3]

■ The district court concluded that Bryan "alleged nothing which would establish or tend to establish the requisite cause and actual prejudice mandated by the Supreme Court." *Bryan v. Warden*, No. 84 C 989 at 14 (N.D.Ill. Aug. 27, 1985). However, on appeal to this court, Bryan argues that he has shown sufficient cause because this issue is so "novel" his counsel was excused from raising it. Bryan relies on *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), which held that the novelty of an issue could give rise to cause for defense counsel's failure to raise the issue in accordance with applicable state procedures, *id.* at 13, 104 S.Ct. at 2908–09. We reject Bryan's argument. Because counsel should have realized that there was a reasonable basis in the existing law for making this claim, *see United States v. Bazza-*

*no*, 712 F.2d 826 (3d Cir.1983) (en banc), *cert. denied*, 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984), we conclude that this claim does not involve a novel constitutional theory. *Reed*, 468 U.S. at 15, 104 S.Ct. at 2909–10. Bryan is, therefore, bound by the tactical decisions of his counsel. *Id.* at 13, 104 S.Ct. at 2908–09.[4] As the Court recently has noted: "So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under … *Strickland v. Washington* … we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray v. Carrier*, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1986); *see also United States ex rel. Weismiller v. Lane*, 815 F.2d 1106, 1108–09 (7th Cir.1987); *United States ex rel. Villa v. Fairman*, 810 F.2d 715, 717 (7th Cir.1987).

Therefore, applying the cause and prejudice standard, we conclude that Bryan has not shown sufficient cause for failing to raise this issue on rehearing to the Indiana Supreme Court.

## IV.

We conclude that whether a waiver of *Miranda* rights is voluntary is a factual inquiry. Therefore, this factual determination is subject to deference under 28 U.S.C. § 2254(d). However, we do not in any way abdicate our vigorous review over the ultimate conclusion of whether a confession was voluntary.

3. We do not hold that defendants must always file a petition for rehearing in state court or have their contentions considered waived. Instead, we are only requiring a defendant to petition for a rehearing when he or she alleges that the means by which the appellate decision was rendered violated due process.

4. We note that, even had Bryan preserved this argument for appeal, we would conclude that the "stacking the appellate dissents" argument is meritless. *Cf. United States v. Bazzano*, 712 F.2d 826, 829–30 (3d Cir.1983) (en banc), *cert. denied*, 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984) (district court order affirmed because majority of court could not agree as to why opinion below should be reversed). The Su-

preme Court of Indiana's disposition of Bryan's appeal does not violate due process. Furthermore, Bryan fails to recognize that even if we granted his petition on this theory, on remand the state trial court logically would still be forced to come to the same result. For example, if on remand the state trial court concluded that the confession must be suppressed, then on appeal the three justices of the Indiana Court, who had believed in the first appeal that Bryan's confession should not be suppressed, would reverse and remand. This would cause the state trial court to consider (for the third time) Bryan's case, and come out the way it did originally. Therefore, a reversal in this case would be futile.

In this case, we find that the state court implicitly found that Bryan voluntarily waived his *Miranda* rights. Based upon the totality of the circumstances, we hold that Bryan's confession was voluntary. Finally, we agree with the district court that Bryan has waived his due process claim.

AFFIRMED.