952 F.2d 1398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jack W. BURNETT, Petitioner/Appellant,
v.
Jack R. DUCKWORTH, et. al. Respondents/Appellees.
 No. 90-1238.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Nov. 7, 1991.*
Decided Jan. 13, 1992.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Jack Burnett appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Burnett alleges that he is being held in violation of his Fifth Amendment rights, applicable to the states through the Fourteenth Amendment, because the state trial court erred when it improperly denied his pre-trial motion to suppress his confession and admitted a rifle referred to in that confession.
 
 I. BACKGROUND
 
 2
 Police arrested Burnett for murder in 1975, when he was sixteen years old. The officers did not question Burnett regarding the crime until Edna West (his mother), Dollie Burnett (his sister), and Mary Brown (a friend) were all present at the police station. After advising Burnett and the others of the charges against Burnett, Officer Ken Shannon read them a Miranda waiver form and advised them of Burnett's constitutional rights, as well as his right to have his mother present during questioning. Burnett and his mother consulted briefly in the presence of police officers, and she urged him to tell the truth.
 
 
 3
 Approximately five minutes after being advised of his Miranda rights, Burnett signed a waiver of these rights and made a statement incriminating himself. Mrs. West signed both the waiver form and Burnett's statement as a witness. The trial court denied Burnett's Motion to Suppress his statement, finding that he had an adequate opportunity to consult with his mother before waiving his rights and that the waiver was valid. The trial court also overruled his objection at trial, admitting both the confession and the gun. Burnett was convicted and sentenced to life imprisonment.
 
 
 4
 The Supreme Court of Indiana affirmed Burnett's conviction, finding that he had had a sufficient opportunity to consult with his mother before waiving his rights, as required by Indiana law,[1] and that the rifle was admissible. Burnett v. State, 377 N.E.2d 1340 (Ind.1978). The district court denied Burnett's habeas petition under 28 U.S.C. § 2254, finding that his waiver of Miranda rights and his confession were constitutionally obtained. The district court also found that the admissibility of physical objects, such as the rifle, did not pose a constitutional issue. Id.
 
 
 5
 On appeal, Burnett claims his waiver of Miranda rights and his subsequent confession was not knowing, intelligent, and voluntary, and that his confession was coerced.[2] He also contends the rifle was improperly admitted because it was a "fruit of the poisonous tree."
 
 II. ANALYSIS
 A. Waiver of Miranda Rights
 
 6
 To be valid, a waiver of Miranda rights must be knowing, intelligent, and voluntary. North Carolina v. Butler, 441 U.S. 369, 99 S.Ct. 1755 (1979). In deciding whether a waiver meets these three requirements, courts look to the totality of the circumstances surrounding the waiver. Fare v. Michael C., 442 U.S. 707, 99 S.Ct. 2560 (1979). A state court's finding that a waiver of Miranda rights was knowing, intelligent, and voluntary is a factual finding, and is entitled to a presumption of correctness under § 2254 if supported by the record.[3] Ray v. Duckworth, 881 F.2d 512, 517-18 (7th Cir.1989).
 
 
 7
 The Indiana Supreme Court did not explicitly find Burnett had waived his Miranda rights. A court's finding of a waiver can be implicit, however. Bryan v. Warden, Indiana State Reformatory, 820 F.2d 217, 221 (7th Cir.), cert. denied, 484 U.S. 867, 108 S.Ct. 190 (1987). The question before this court, then, is whether the Indiana Supreme Court made such an implicit finding and, if so, whether the record supports it. The Indiana court made an implicit finding of a valid waiver when it held that Burnett's confession had been constitutionally obtained. Smith v. Duckworth, 856 F.2d 909, 912 (7th Cir.1988). The record supports this finding. First, the police read Burnett and his mother their Miranda rights and made sure they understood them. The police even gave them both a written copy of these rights and gave them time to read it, going over each point to make sure they understood. Second, the police allowed Burnett and his mother to consult before they agreed to the waiver. Finally, Mary Brown and Dolly Burnett were also present during this time, and could have assisted Burnett if he had shown signs of confusion. This evidence supports a finding that Burnett's waiver did not violate the Fifth Amendment.
 
 B. Burnett's Confession
 
 8
 Burnett asserts that his confession was unconstitutionally obtained, being the result of coercive police activity. Colorado v. Connelly, 479 U.S. 157, 167, 107 S.Ct. 515, 522 (1986). Two Indiana courts and the district court found no evidence of coercion. The issue of whether a confession was illegally coerced is reviewed de novo.[4] Miller v. Fenton, 474 U.S. 104, 110, 106 S.Ct. 445, 449 (1985). The test for a voluntary confession is "whether the defendant's will was overborne at the time he confessed." United States v. Hocking, 860 F.2d 769, 774 (7th Cir.1988) (quoting Lynumn v. Illinois, 372 U.S. 528, 534, 83 S.Ct. 917, 920 (1963)). A confession is involuntary if there was police conduct "causally related to the confession." Connelly, 479 U.S. at 164, 107 S.Ct. at 520.
 
 
 9
 Burnett's claims that he confessed because his mother said he would get the electric chair if he did not or because of his mother's "conflict of interest" are not supported in the record, and, in any event, his conflict of interest claim has been waived.[5] His argument that his confession was involuntary because police denied him the assistance of counsel also fails.[6] Burnett executed a valid waiver of his Miranda rights before questioning began, and thus the police had no obligation to provide counsel. The failure to provide counsel where none was required does not amount to coercion. Although we recognize the sensitive nature of the interrogation of juveniles, this is not a case where the police went too far.
 
 C. Admitting the Rifle
 
 10
 Finally, Burnett argues that the rifle referred to in his confession was inadmissible because the confession itself was inadmissible. As we have already found that the confession was not coerced, the rifle is not the fruit of any poisonous tree, and this claim fails.
 
 III. Conclusion
 
 11
 For the foregoing reasons, the district court's denial of Burnett's petition is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Lewis v. State, 259 Ind. 431, 288 N.E.2d 138 (Ind.1972) held that a juvenile's confession is not admissible unless the child had an opportunity to consult with a parent, guardian, or counsel before waiving Miranda rights. The Lewis holding has since been codified. Ind.Code Ann. § 31-6-7-3 (1982)
 
 
 [2]
 Burnett also makes the novel argument that his waiver and confession were involuntary because his mother had an undisclosed "conflict of interest" when she consulted with him. This alleged conflict arose from Mrs. West's cooperation with police prior to Burnett's arrest. This argument is in contrast to earlier claims that Burnett was harmed because he was not allowed to confer with his mother. We need not address this claim, however, as Burnett did not raise it before the district court, therefore waiving it on appeal. See, e.g., Gomez v. Greer, 896 F.2d 252 (7th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 355 (1990)
 
 
 [3]
 The issues as to whether a confession was voluntary or a waiver of Miranda rights was knowing, intelligent, and voluntary are distinct and therefore are reviewed differently. As this court has noted, "The [constitutionality of a confession] requires a determination of whether the process was fundamentally fair--a uniquely federal concern--while the [constitutionality of a waiver] concerns only a factual inquiry." Ray, 881 F.2d at 518 n. 7 (quoting Bryan v. Warden, Indiana State Reformatory, 820 F.2d 217, 220 (7th Cir.1987)); see also Perri v. Director, Department of Corrections, 817 F.2d 448 (7th Cir.) cert. denied sub nom. Perri v. Lane, 484 U.S. 843, 108 S.Ct. 135 (1987). Thus, a confession receives de novo review while a waiver is a factual finding, upheld if supported by the record. Ray, 881 F.2d at 517-18
 
 
 [4]
 The district court performed a de novo review of the state court's finding, and the government argues that, as a result, this court should review the district court's finding only for clear error, as performing a second de novo review would be duplicative and wasteful. See Andersen v. Thieret, 903 F.2d 526, 529 (7th Cir, 1990) (collecting cases supporting this proposition). Like Anderson, however, the instant case does not require a decision as to the proper standard of review, as this confession was properly obtained under either standard
 
 
 [5]
 See note 2, supra. Further, Burnett's claims based on his mother's conduct are irrelevant to a due process inquiry because they do not demonstrate the required link between coercive action by the state and the resulting confession. As the Supreme Court observed in Connelly:
 The flaw in respondent's constitutional argument is that it would expand our previous line of "voluntariness" cases into a far-reaching requirement that courts must divine a defendant's motivation for speaking or acting even though there be no claim that governmental conduct coerced his decision.
 The most outrageous behavior by a private party seeking to secure evidence against a defendant does not make that evidence inadmissible under the Due Process Clause.
 479 U.S. at 166, 107 S.Ct. at 521.
 
 
 [6]
 According to Burnett the police were obligated to provide him with counsel both because he was a juvenile untrained in the law, and because his mother, also untrained in the law, repeatedly requested to see a lawyer before questioning began