952 F.2d 1398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carl CAMPBELL, Petitioner-Appellant,
v.
Dick CLARK and Indiana Attorney General, Respondents-Appellees.
 No. 90-2362.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1991.*
Decided Jan. 22, 1992.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Carl Campbell appeals the district court's denial of his petition for a writ of habeas corpus. He is confined in the Indiana State Prison in Michigan City, Indiana, following a conviction after a jury trial for murder, robbery, and confinement.[1] Campbell argues that he was unconstitutionally convicted on five grounds: the evidence at trial was insufficient to support a conviction; his confession was the result of an illegal seizure; the police log book admitted at trial was impermissible hearsay evidence; the dismissal of an ill juror violated Campbell's right to an impartial jury; and the refusal of the trial court to grant a continuance when the prosecution filed a late witness list unfairly prejudiced the defense.
 
 
 2
 We affirm the judgment of the district court for the reasons stated in the district court's attached memorandum and order, and here merely express our concern about the unsworn affidavit of Sadie Reese which was attached to Campbell's petition for habeas corpus when filed in the district court. This affidavit states that the murder victim, Robert E. Rose, was seen alive after the occurrence of the events at issue in this case. The affidavit also suggests that this information may have been intentionally withheld from Campbell prior to trial. If the facts set forth in the affidavit are true, the state may have violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963). Although Campbell has not explicitly alleged a Brady violation, he does maintain that Reese's testimony was not presented at trial because of the trial court's failure to grant a continuance after the prosecution presented its late witness list. Reese's name was included on this list although she did not testify.
 
 
 3
 We cannot rule on the merits of this additional evidence.[2] The affidavit was not presented to the Indiana state courts, and the district court properly refused to consider it. The state courts are entitled to the first opportunity to evaluate this new information. 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270, 278 (1971).
 
 
 4
 Campbell argues that resort to the Indiana courts at this point would be "absurd" because Reese was available to testify at the initial trial, and the Indiana state courts have already declared they are convinced of Campbell's guilt. (Rec. 10, Memorandum in Support of Traverse at 10). We disagree with this assessment of the situation. The state courts were never given the opportunity to evaluate Reese's statement. Although she may have been available to testify at trial, Campbell had no reason to call her as a witness since he claims to have been unaware of the unique events within her knowledge until long after the Indiana Supreme Court affirmed his conviction. See Kimble v. State, 451 N.E.2d 302 (Ind.1983) (post-conviction relief process is not substitute for direct appeal, but is process for raising issues not known at time of original trial and appeal or for some reason not available to the defendant at that time). The new evidence that Campbell seeks to have the federal courts address through a habeas corpus petition should first be presented to the state courts. The Indiana Rules of Procedure for Post-Conviction Remedies permit him to do that.[3]
 
 
 5
 AFFIRMED.
 
 ATTACHMENT
 
 6
 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA
 
 SOUTH BEND DIVISION
 Carl Campbell, Petitioner
 
 7
 v.
 
 
 8
 Dick Clark, and Indiana Attorney General, Respondents
 
 90-2362
 Civil No. S 90-95
 MEMORANDUM AND ORDER
 
 9
 (May 4, 1990).
 
 
 10
 On March 7, 1990, pro se petitioner, Carl Campbell, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed on April 6, 1990, demonstrates the necessary compliance with Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982). This court has examined the transcript of proceedings from the State of Indiana under the mandates of Townsend v. Sain, 372 U.S. 293 (1963).
 
 
 11
 This petitioner was convicted of one count of murder, one count of robbery and one count of confinement in the Franklin Circuit Court, Brookville, Indiana, on May 3, 1984, and was sentenced to a term of 30 years imprisonment for the murder, 20 years for the robbery, and 10 years for the confinement, all to run concurrently. The petitioner appealed directly to the Supreme Court of Indiana, which unanimously affirmed his conviction in an opinion authored by then Justice, now Chief Justice Shepard, and reported in Campbell v. State, 500 N.E.2d 174 (Ind.1986).
 
 
 12
 Although it is a close call, this court is not prone to adopt the suggestion of the Attorney General of Indiana that the issues that are argued here were not fairly presented to the state courts of Indiana. This conclusion is generous on the side of the petitioner. Justice Shepard, in a careful and elaborate opinion, dealt with five issues, which are basically the issues presented here, with the exception of a venue question.
 
 
 13
 The basic factual setting of the case is established as follows:
 
 
 14
 The facts most favorable to the judgment show that Campbell and three companions were driving around the town of Laurel in Campbell's vehicle on July 30, 1979. After hearing that one Robert Rose had several hundred dollars, the four youths decided to rob him. Rose subsequently accepted their invitation to join them in Campbell's automobile, and they drove about for a short time. They stopped in an area east of Laurel called Redgate. One of the youths, Mitchell Hurd, began beating the victim, who fell in some glass while attempting to escape. The assault continued until the victim was unconscious. All four men helped to remove the victim's wallet and clothing, but they found only a few dollars. As the victim bled profusely, they discussed ways of killing him. Rose's hands and legs were tied with a belt, and Campbell helped lift him into the trunk.
 
 
 15
 Campbell drove the car to a gas station where one of the group bought a gallon jug of gas and then proceeded to a secluded area by the river near Cedar Grove. According to Campbell, Hurd pured gasoline on the victim, but the unleaded fuel would not ignite. It was undisputed that Hurd wrestled with the victim at the river bank and they fell into the water. Hurd and Maxie attempted to drown the victim, and all three were immersed for 15 to 20 seconds. Hurd and Maxie returned to the bank and looked for the victim, who surfaced about 15 feet away and began swimming in the opposite direction. Campbell testified that Maxie pulled the victim back to the bank and held him under the water for several minutes. Rose was never seen again by either the youths or the victim's family.
 
 
 16
 The original police investigation yielded no explanation for the victim's sudden disappearance. Covy France, one of the four youths in Campbell's car that day, was arrested on an unrelated charge several years later. France volunteered details of Rose's murder in exchange for favorable treatment by the prosecutor. After taking France's statement, police questioned Campbell and obtained his confession in October 1983.
 
 
 17
 Campbell, 500 N.E.2d at 177.
 
 
 18
 The petitioner first argues that there was insufficient evidence to support his convictions. Justice Stewart, speaking for the Supreme Court of the United States in Jackson v. Virginia, 443 U.S. 307 (1979), stated:
 
 
 19
 A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. But Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the constitutional sense. The duty of a federal habeas corpus court to appraise a claim that constitutional error did occur--reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right--is not one that can be so lightly abjured.
 
 
 20
 Id. at 323. The Supreme Court in Jackson held:
 
 
 21
 We hold that in a challenge to a conviction brought under 28 U.S.C. § 2254--if the settled procedural prerequisites for such a claim have otherwise been satisfied--the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt.
 
 
 22
 Id. (footnote omitted). See also Sumner v. Mata, 449 U.S. 539 (1981); Dooley v. Duckworth, 832 F.2d 445 (7th Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 1239 (1988); United States ex rel. Haywood v. O'Leary, 827 F.2d 52 (7th Cir.1987); Bryan v. Warden, Indiana State Reformatory, 820 F.2d 217 (7th Cir.1987), cert. denied, 484 U.S. 867 (1987); Shepard v. Lane, 818 F.2d 615 (7th Cir.1987), cert. denied, 484 U.S. 929 (1987); and Perri v. Director, Department of Corrections, 817 F.2d 448 (7th Cir.1987), cert. denied, 484 U.S. 843 (1987).
 
 
 23
 A review of the record in the light most favorable to the prosecution convinces the court that a rational trier of fact could readily have found the petitioner guilty beyond a reasonable doubt of aiding his cohorts in the murder, robbery and confinement of the victim.
 
 
 24
 The petitioner next contends that his confession was the result of an illegal arrest. This court is not a court of general common law review, but is limited to a collateral review of specific constitutional claims. The petitioner attempts to raise a Fourth Amendment claim with regard to the probable cause of his arrest, which was carefully and fully addressed by Justice Shepard. See Campbell, 50 N.E.2d at 179. This court is aware of the mandates of Miller v. Fenton, 474 U.S. 104 (1985), and does not fully rely on the § 2254(d) presumption of correctness. However, this court is in full agreement with the reasoning and result announced by Justice Shepard. The petitioner has not met his burden under Colorado v. Connelly, 474 U.S. 157 (1986). See also Ray v. Duckworth, 881 F.2d 512, 518 (7th Cir.1989) (an appeal from this court).
 
 
 25
 With regard to all of the Fourth Amendment issues raised by this plaintiff, the same has been fully and carefully considered by the courts of the State of Indiana, including the Supreme Court. Therefore, any further review is both unnecessary and not required under the mandates of Stone v. Powell, 428 U.S. 465 (1976).
 
 
 26
 The petitioner raises an issue with regard to the admissibility of the police log book showing that the victim was reported missing. This is a question of state law and there is no showing of any constitutional improprieties in reference to the same.
 
 
 27
 The petitioner attempts to raise an issue with regard to the excuse of a juror who had the flu. In this regard, Judge Eugene A. Steward of the Franklin Circuit Court acted carefully and prudently and did not violate the Constitution of the United States, including the Due Process Clause of the Fourteenth Amendment. See Henderson v. Lane, 613 F.2d 175 (7th Cir.1980), cert. denied, 446 U.S. 986 (1980). The action was taken well within the provisions of the Indiana Rules of Procedure and a duly chosen alternate was substituted.
 
 
 28
 With regard to the so-called continuance issue, Justice Shepard dealt with the same carefully and at length in Part V of his opinion. See Campbell, 500 N.E.2d at 182. This issue simply does not raise a constitutional issue. State trial judges who manage difficult and burdensome dockets must be given considerable leeway by the federal judiciary in regard to grant or denying continuances, unless there is a clear showing that the Constitution of the United States is violated. That showing is absent here.
 
 
 29
 This court has also read with admiration the 45-page Traverse filed on April 18, 1990, by the petitioner. The professional form thereof is excellent, and the petitioner is to be complimented on what must have been a massive effort. No disrespect is intended, even though the court is not in agreement with the results argued for. The petitioner must understand that this is not a proceeding under 42 U.S.C. § 1983, and that this court is not bottoming a decision on failure to exhaust or on procedural default.
 
 
 30
 Accordingly, the petition for a writ of habeas corpus is hereby DENIED. IT IS SO ORDERED.
 
 Allen Sharp
 CHIEF JUDGE
 NORTHERN DISTRICT OF INDIANA
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Campbell is not challenging his conviction for confinement since he has completed the sentence for that charge. (Appellee's Brief at 2)
 
 
 [2]
 On February 6, 1991, this court denied Campbell's motion to supplement the record on appeal with, among other things, the Reese affidavit
 
 
 [3]
 This procedure may be used by:
 Any person who has been convicted of, or sentenced for, a crime by a court of [Indiana], and who claims:
 ... (4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice.
 Rule PC 1 § 1(a).