19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David C. BROCK, Petitioner/Appellant,
v.
Charles B. MILLER, Respondent/Appellee.
 No. 92-3892.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 21, 1993.
 
 Before FAIRCHILD, BAUER and MANION, Circuit Judges.
 
 ORDER
 
 1
 David C. Brock was convicted in the State of Indiana of five counts of dealing or possessing controlled substances. His conviction was affirmed by the Indiana Supreme Court. Brock v. State, 540 N.E.2d 1236 (Ind.1989). Brock's petition for a writ of habeas corpus was denied by the district court. 28 U.S.C. Sec. 2254. He appeals, contending that he did not waive his Miranda rights at the time of his arrest.
 
 
 2
 Because a finding that Miranda rights have been knowingly, intelligently, and voluntarily waived is factual in nature, the state court's determination is subject to a presumption of correctness under Sec. 2254(d). Baskin v. Clark, 956 F.2d 142, 145 (7th Cir.1992) (distinguishing voluntary waiver of Miranda rights from the voluntariness of the challenged statement under totality of the circumstances standard); Bryan v. Warden, Indiana State Reformatory, 820 F.2d 217, 219-20 (7th Cir.), cert. denied, 484 U.S. 867 (1987); Perri v. Director, Dept. of Corr. of Ill., 817 F.2d 448, 452 (7th Cir.), cert. denied, 484 U.S. 843 (1987). See also Withrow v. Williams, 113 S.Ct. 1745 (1993) (standard of whether a state prisoner was given a full and fair chance to litigate his claim as a restriction on the exercise of federal habeas jurisdiction is not extended to claims based on violation of Miranda safeguards).
 
 
 3
 In this case, the state court found that Brock was advised of his Miranda rights on two occasions and both times, he acknowledged that he understood them and indicated that he would cooperate. The state court also found that Brock cooperated with the police by showing the officers where the drugs were located. Brock took the police to his bedroom and gave them the key to a safe box in which drugs were found. Using a totality of the circumstances test, the Indiana Supreme Court concluded that Brock's statements and actions demonstrated a knowing and voluntary waiver.
 
 
 4
 Brock argues that his statements and conduct did not constitute a valid waiver of his Miranda rights but rather, they indicated his submission to the authority of the police, who, armed with a warrant, had just arrested him. Brock's argument is without merit. He had acknowledged that he understood his rights but still showed the police where the drugs were located. Absent police coercion, his action amounted to an implicit waiver of his Miranda rights. See North Carolina v. Butler, 441 U.S. 369, 373 (1979) (a valid waiver need not be expressly made; "in some cases waiver of Miranda rights can be clearly inferred from the actions and words of the persons interrogated"); Baskin, 956 F.2d at 146 (waiver of Miranda rights valid where defendant stated that he understood his Miranda rights but did not remain silent after the rights were read; incriminating statement made during a "back and forth conversation" between defendant and police). Accordingly, the district court's judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record