UNITED STATES of America ex rel. Guy MURRAY, Petitioner,

v.

Richard GRAMLEY and Roland Burris, Attorney General of the State of Illinois, Respondents.

No. 93 C 6912.

United States District Court, N.D. Illinois, Eastern Division.

July 25, 1994.

Guy Murray, pro se.

Terence Madsen, Michael Marc Glick, Illinois Attorney General's Office, Chicago, IL, for respondents.

## MEMORANDUM OPINION AND ORDER

JAMES H. ALESIA, District Judge.

Guy Murray has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] His petition is predicated on four claims.

---

1. A state prisoner must exhaust his or her state remedies before petitioning a federal court for a writ of habeas corpus. 28 U.S.C. § 2254(b). Here petitioner has exhausted his state remedies.

First, petitioner claims that he was denied his Fifth Amendment right to counsel when he was questioned on an unrelated murder charge subsequent to the appointment of counsel at a hearing to transfer custody with respect to an armed robbery charge. Second, petitioner claims that the appointment of post-conviction counsel from the same public defender's office from which his trial counsel was appointed created a conflict of interest, since he sought to challenge the effective assistance of his trial counsel. Third, petitioner claims that he was denied the effective assistance of both trial and appellate counsel. And last, petitioner claims that his post-conviction petition should have been afforded an evidentiary hearing based upon a claim of substantial denial of his constitutional rights. For the reasons set forth below, the court finds no merit in petitioner's claims. Accordingly, the petition is denied.

## I. FACTUAL BACKGROUND [2]

On September 27, 1987, petitioner and three accomplices went to the parking lot of a hotel to steal cars for use in committing jewelry store robberies. While they were in the process of stealing the cars, one of petitioner's accomplices fatally shot the parking lot attendant, Vipinchadra Patel.

On October 1, 1987, petitioner and an accomplice were arrested in Chicago for a recent armed robbery of a store in Villa Park, DuPage County, Illinois. The defendants were appointed a public defender to represent them. While in the custody of the Villa Park police for that robbery, petitioner was advised of his Miranda rights and interrogated by police. Petitioner at that time made incriminating remarks about the homicide of Vipinchadra Patel. An Assistant State's Attorney wrote up the statement, and petitioner signed the statement and a written waiver of his Miranda rights. Subsequently, petitioner was indicted for the murder and armed robbery of Patel.

Petitioner filed several motions to suppress his statement given to police. At one such hearing, petitioner testified that he had re-

peatedly requested counsel before he made the incriminating statement during his custodial interrogation. Several police officers, however, testified that petitioner neither requested counsel nor expressed a desire to remain silent. Denying the motion, the state trial judge stated that he believed the police officers. After a bench trial, the judge convicted the petitioner of the murder and armed robbery of Patel.

In petitioner's post-conviction proceeding he claimed that his Sixth Amendment right to effective assistance of counsel had been violated. Appellate counsel was appointed from the public defender of Cook County after the circuit court had denied petitioner's pro se post-conviction petition. Appellate counsel filed a motion to withdraw, asserting that there were no appealable issues in the case. On February 3, 1993, the Illinois Appellate Court granted appellate counsel's motion for leave to withdraw as counsel, and affirmed the circuit court's judgment denying petitioner's post-conviction petition. People v. Murray, No. 1–92–3042 (Ill.App.Ct. Feb. 3, 1993) (unpublished order).

## II. DISCUSSION AND ANALYSIS

### A. Fifth Amendment Right to Counsel

Petitioner argues that his conviction for first degree murder was obtained in violation of his Fifth Amendment right to counsel under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). First, he contends that his Fifth Amendment right to counsel was invoked at his custody transfer hearing and that knowledge thereof should be imputed to the police officers who subsequently interrogated him. Furthermore, petitioner claims that prior to his custodial interrogation, he did in fact request an attorney pursuant to his rights under Miranda. The court discusses each of these claims separately.

### 1. Fifth Amendment Right to Counsel Invoked at His Custody Transfer Hearing

As just noted, petitioner Murray claims that his Fifth Amendment right to counsel

---

2. The state appellate court's summary of the facts serves as the basis for review of this petition for writ of habeas corpus. 28 U.S.C. § 2254(d);

Sumner v. Mata, 449 U.S. 539, 546–47, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981).

was invoked when he accepted as counsel the public defender appointed to him at his custody transfer hearing. The United States Supreme Court has squarely addressed this issue in the case of *McNeil v. Wisconsin,* 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991).

In *McNeil,* the defendant was arrested and charged with an armed robbery. Counsel from the Wisconsin Public Defender's office represented McNeil at his initial court appearance. Two days later, a detective visited the defendant while he was in jail to question him about a homicide he had been investigating. McNeil waived his *Miranda* rights and confessed to being involved in the homicide. The defendant was subsequently charged and convicted of second degree murder and armed robbery, and sentenced to sixty years in prison. *McNeil,* 501 U.S. at 171–76, 111 S.Ct. at 2206–07.

▪ The Supreme Court's resolution of the case is dispositive of the issue before this court. First, the Court noted that the defendant's acceptance of counsel at his initial court appearance was an invocation of his Sixth Amendment right to counsel—a right which is offense-specific. "Offense specific" signifies that it has the effect of invalidating subsequent waivers in police-initiated interviews concerning the same charge. *McNeil,* 501 U.S. at 174–77, 111 S.Ct. at 2207–08 (citing *Michigan v. Jackson,* 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986)). Therefore, the defendant's statements about an unrelated charge, to which the Sixth Amendment right had not yet attached, are admissible at trial on those offenses. *Id.* at 176–77, 111 S.Ct. at 2208 (citing *Maine v. Moulton,* 474 U.S. 159, 180 n. 16, 106 S.Ct. 477, 489 n. 16, 88 L.Ed.2d 481 (1985)). Likewise, in the instant case, the Sixth Amendment is no bar to the admission of petitioner's statements.

However, as the petitioner in *McNeil* did, petitioner Murray relies upon "a different 'right to counsel,' found not in the text of the Sixth Amendment, but in the Supreme Court's jurisprudence relating to the Fifth Amendment guarantee that '[n]o person ... shall be compelled in any criminal case to be a witness against himself.'" *McNeil,* 501

U.S. at 176, 111 S.Ct. at 2208. As the *McNeil* Court noted, in *Edwards v. Arizona* the Supreme Court held that once a defendant asserts his Fifth Amendment *Miranda* right to counsel, "not only must the current interrogation cease, but he may not be approached for further interrogation 'until counsel has been made available to him.'" *Id.* (quoting *Edwards v. Arizona,* 451 U.S. 477, 484–85, 101 S.Ct. 1880, 1884–85, 68 L.Ed.2d 378 (1981)). Moreover, the Court observed that the *Edwards* rule is not offense-specific. That is, "once a suspect invokes the *Miranda* right to counsel for interrogation regarding one offense, he may not be reapproached regarding any offense unless counsel is present." *Id.* (citing *Arizona v. Roberson,* 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988)).

▪ Petitioner Murray is attempting, as did the petitioner in *McNeil,* to combine "the nature and effects of both the Sixth Amendment right to counsel and the *Miranda–Edwards* 'Fifth Amendment' right to counsel." *Id.* at 177, 111 S.Ct. at 2208. The *McNeil* Court responded that the assertion of the *Miranda* right to counsel cannot be inferred from the invocation of the Sixth Amendment right to counsel in light of the differing purposes and effects of the two rights. The Sixth Amendment right is intended to protect "unaided laymen" from "critical confrontations" with the government after the initiation of the adversary process regarding a particular crime. *Id.* at 177–78, 111 S.Ct. at 2209. The *Miranda–Edwards* guarantee, however, is intended to protect a suspect's "'desire to deal with police only through counsel.'" *Id.* (quoting *Edwards,* 451 U.S. at 484, 101 S.Ct. at 1884.) The Court concluded, therefore, that an accused's invocation of his Sixth Amendment right to counsel does not serve to also invoke his Fifth Amendment right to counsel. *Id.* Likewise, petitioner's request for counsel at his custody transfer hearing with respect to an armed robbery was not an invocation of his Fifth Amendment right to counsel on an unrelated murder and armed robbery charge.

### 2. *Petitioner's Request for Counsel Prior to His Custodial Interrogation*

Petitioner claims, in the alternative, that he did in fact request the assistance of coun-

sel prior to his being questioned on the unrelated charge. Respondents, to the contrary, assert that no such request was made and the petitioner waived his *Miranda* right to counsel. These competing claims were addressed by the state court trial judge at a hearing on a motion to suppress. In denying the petitioner's motion to suppress, the state trial judge stated that he believed the testimony of the police officers that the petitioner had not invoked his right to counsel. *People v. Murray,* No. 1–90–0145 (Ill.App.Ct. Oct. 30, 1991) (unpublished order).

■ This court is guided by the statutory mandate that factual determinations made by a state court are presumed to be correct. The federal habeas corpus statute provides:

> In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue ... shall be presumed to be correct.

28 U.S.C. § 2254(d).

Furthermore, the Seventh Circuit has squarely addressed the situation where a petitioner's waiver of his *Miranda* rights is disputed in a federal habeas corpus proceeding. In *Bryan v. Warden,* 820 F.2d 217 (7th Cir.1987), the court held that the determination of whether a defendant voluntarily waived his or her *Miranda* rights is a factual inquiry most appropriate for resolution by the state courts. *Bryan,* 820 F.2d at 219.

Therefore, in light of the state court's determination that petitioner did not invoke his *Miranda* right to counsel, the presumption of correctness under the federal statute, and the Seventh Circuit's prior holding, this court defers to the state court's finding on this issue.

Petitioner's first claim for habeas corpus relief fails.

### B.  *Conflict of Interest*

Petitioner further contends that his Sixth Amendment right to effective assistance of counsel was violated when the public defender appointed for his post-conviction hearing argued the ineffective assistance of another public defender on his direct appeal. The basis for petitioner's claim is that to appoint one public defender to argue the ineffective assistance of counsel of another public defender creates such a conflict of interest as to violate his Sixth Amendment right to effective assistance of counsel.

■ Habeas corpus is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he right to appointed counsel extends to the first appeal of right, and no further." Thus prisoners do not have a constitutional right to counsel when collaterally attacking their convictions. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). That is, there is no federal constitutional right to an attorney in state post-conviction proceedings. Since there is no right to assistance of counsel in "waging a collateral attack ... there is no right to 'effective' assistance of counsel." *Prihoda v. McCaughtry,* 910 F.2d 1379 (7th Cir.1990).

■ Here, petitioner's claim represents an *attack on a proceeding collateral to his detention,* not on the detention itself. Moreover, since petitioner has no federal constitutional right to counsel at his post-conviction hearing, he cannot claim that, because of a conflict of interest, this right has been violated.

Therefore, petitioner's second claim for habeas corpus relief fails.

### C.  *Ineffective Assistance of Counsel at Trial and on Appeal*

Petitioner claims that his trial counsel was ineffective for failing to move to suppress his arrest, which he alleges was made without probable cause, and for failing to move to suppress an identification made by a witness, which petitioner claims was improperly suggestive. In addition, petitioner claims that his appellate counsel was similarly ineffective for failing to raise the ineffective assistance of his trial counsel on appeal.

### 1. *Standard For Evaluating an Ineffective Assistance of Counsel Claim*

The standard for evaluating a claim of ineffective assistance of counsel was set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A party making an ineffective assistance of counsel claim bears a heavy burden. To prevail, the party must demonstrate (1) that the attorney's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that the case would have come out differently but for the attorney's unprofessional errors. *Id.* at 687, 694, 104 S.Ct. at 2064, 2068. There is a "strong presumption" that representation was competent. *Id.* at 689, 104 S.Ct. at 2065; *Santos v. Kolb,* 880 F.2d 941, 943 (7th Cir. 1989), *cert. denied,* 493 U.S. 1059, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990). That is, the court must be "highly deferential," taking care "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's perspective at the time." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. In short, petitioner must show that his attorney's performance was objectively unreasonable and that the deficient performance prejudiced his defense.

### 2. *Failure to Move to Suppress the Arrest*

Petitioner first claims that his Sixth Amendment right to effective assistance of counsel was violated by his attorney's failure to move to suppress his arrest. Petitioner predicates his claim on the fact that according to the police reports the van in which petitioner was riding had not been reported stolen at the time petitioner was stopped and arrested. In addition, petitioner bases his claim on the fact that the van from which the arresting officers stopped and subsequently arrested the petitioner was significantly distinctive from the vehicle described by various witnesses.

Insofar as petitioner challenges his own presence at trial, he cannot claim immunity from prosecution simply because his appearance in court was precipitated by an unlawful arrest. An illegal arrest, without more, is not a bar to subsequent prosecution, nor is it a defense to a valid conviction. *United States v. Crews,* 445 U.S. 463, 474, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537 (1980). As the court noted in *Sanders v. Israel,* 717 F.2d 422, 423 (7th Cir.1983), *cert. denied,* 465 U.S. 1033, 104 S.Ct. 1302, 79 L.Ed.2d 701 (1984), "[a]n illegal arrest ... is an insufficient ground, standing alone, upon which to vacate a conviction in federal habeas proceedings."

Moreover, petitioner has failed to demonstrate how his attorney's failure to move to suppress his arrest prejudiced him. In fact, in light of the facts of this case, such a showing cannot be made. After petitioner's arrest, lawful or not, he was taken into custody and eventually, after waiving his *Miranda* rights, confessed to being involved in the murder at issue. In *Rawlings v. Kentucky,* 448 U.S. 98, 106–07, 100 S.Ct. 2556, 2562, 65 L.Ed.2d 633 (1980), the Supreme Court held a confession given after an unlawful arrest will not be suppressed so long as it was the product of free will. Given the fact that an unlawful arrest "cannot deprive the Government of the opportunity to prove [a suspect's] guilt through the introduction of evidence wholly untainted by the police misconduct," *Crews,* 445 U.S. at 474, 100 S.Ct. at 1251, and the fact that petitioner's confession was legitimate under *Miranda,* the failure to move to suppress the arrest did not prejudice petitioner's defense.

### 3. *Failure to Move to Suppress the Identification*

Petitioner further claims that his attorney's failure to move to suppress his identification contravened his Sixth Amendment right to effective assistance of counsel. Petitioner bases his claim on the fact that after his arrest, he was placed in hand cuffs, and was led down the street to a waiting police squad. At the same time, a witness was across the street in a car and was allowed to view the petitioner for the specific purpose of attempting to identify him. Consequently, the witness did identify the petitioner as the offender. Petitioner also relies on the fact the counsel for his codefendant filed a motion to suppress an identification and prevailed.

■ Petitioner's claim fails to satisfy either prong of the *Strickland* test. First, he has failed to demonstrate how his counsel's conduct fell outside the wide range of reasonable professional assistance. Petitioner simply concludes that "trial counsel was incompetent for failing to investigate the police report" and failing "to file the appropriate motion to suppress the identification." It is reasonable to elect not to file the suppression motion, and instead choose to cross examine and discredit the witness who identified the petitioner. However, even assuming that petitioner's counsel acted unreasonably in not filing the motion to suppress the identification, petitioner has failed to demonstrate how he was thereby prejudiced. As previously noted, petitioner was taken into custody, read his *Miranda* rights, and then waived those rights and confessed to the crime. The fact that petitioner did in fact voluntarily confess certainly precludes the conclusion mandated by *Strickland* that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Lastly, the court's conclusion that petitioner's trial counsel was not ineffective resolves his further claim that his appellate counsel was ineffective for failing to raise the issue of the trial attorney's ineffectiveness. Therefore, petitioner's third claim for federal habeas corpus relief fails.

### D. *Evidentiary Post-conviction Hearing*

Petitioner contends that an evidentiary hearing should have accompanied his state post-conviction relief proceeding. This claim is not cognizable in a federal habeas corpus proceeding.

Federal habeas corpus relief is only available when there is a violation of federal law. *Haas v. Abrahamson*, 910 F.2d 384, 389 (7th Cir.1990). Under Illinois law, the right to post-conviction relief is provided by statute. 725 ILCS 5/122–1 through 5/122–8. Furthermore, Illinois law provides that a petitioner is not entitled to an evidentiary hearing as a matter of right. 725 ILCS 5/122–6. Moreover, in *Townsend v. Sain*, 372 U.S. 293, 313 n. 9, 83 S.Ct. 745, 757 n. 9, 9 L.Ed.2d 770 (1963), the Supreme Court instructed that a state court is not required to hold an evidentiary hearing because such hearings are governed to a large extent by state law. Here, the denial of an evidentiary hearing was rendered under the authority of state law, not federal constitutional law. A federal habeas petition, therefore, cannot be maintained.

Even assuming that the state court should have afforded an evidentiary hearing to the petitioner based on violations of petitioner's constitutional rights, the court finds no merit in these constitutional claims, and so even if the court were empowered to order a hearing, for reasons discussed in this opinion the court would not do so.

Accordingly, petitioner's fourth claim for habeas corpus relief fails.

### CONCLUSION

Petitioner's Application for a Writ of Habeas Corpus is denied with prejudice.