**John PHARR, Petitioner–Appellant,**

v.

**Donald GUDMANSON, Superintendent, Oshkosh Correctional Institution, Respondent–Appellee.**

**No. 91–1187.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 1, 1991.

Decided Dec. 16, 1991.

See also 146 Wis.2d 869, 431 N.W.2d 329.

Virginia A. Pomeroy, Office of Public Defender, Milwaukee, Wis. (argued), for petitioner-appellant.

James M. Freimuth, State of Wis., Dept. of Justice, Madison, Wis. (argued), for respondent-appellee.

Before CUDAHY, RIPPLE and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

John Pharr brought this petition under 28 U.S.C. § 2254 to challenge his 1987 Wisconsin conviction for concealing stolen property. His sole ground for relief was that the conviction was the result of a coerced confession in violation of his Fifth Amendment right against self-incrimination. The district court dismissed the petition, and this appeal followed. We affirm.

A. *Facts*

In an extensive memorandum opinion, the district court set forth the pertinent factual background. That presentation reflects that the district court strictly adhered to its obligation to give deference to the factual findings of the state courts. *See* 28 U.S.C. § 2254(d); *see also Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Accordingly, we shall rely on the district court's rendition:

On February 18, 1987, an Ozaukee County, Wisconsin Sheriff arrested John Pharr on a charge of driving with a revoked driver's license and took him to the Ozaukee County Jail. A female companion accompanied petitioner in the automobile. The Sheriff also arrested her. At the time of the arrest, the Sheriff found a bag behind the passenger's front seat which contained two purses later determined to be stolen property. The petitioner does not challenge the validity of the search of the automobile or the seizure of the purses.

The petitioner was read his *Miranda* rights and he signed a waiver form at the Ozaukee County Jail. It was determined that the purses matched property reported to be stolen from a Fox Point (Milwaukee County, Wisconsin) retail store. A police officer from Fox Point traveled to the Ozaukee County Jail where he conducted an in-custody interrogation of the petitioner. Present in the interrogation room along with the Fox Point police officer were his assistant, also a member of the Fox Point Police Department, and a deputy from the Ozaukee County Sheriff's Department.

The only person who spoke to the petitioner during the interrogation was the Fox Point police officer in charge. Neither the officer's assistant nor the Ozaukee County Sheriff's deputy participated in the interrogation. The Fox Point police officer said to the petitioner that he was going to be quick with him and that the officer had two options to process the petitioner's case. If the petitioner told the truth about how the purses came to be in the petitioner's car, the officer would write him a municipal citation for retail theft. If the petitioner did not tell the truth, the petitioner would be brought up on the state charge of theft. After the officer made his statement, the petitioner told the officer that he would tell the officer what he wanted to know.

The petitioner admitted to stealing the purses from the Fox Point store. As represented, the Fox Point police officer wrote the petitioner a municipal citation for retail theft. Subsequently, the petitioner was charged in Ozaukee County for concealing stolen property in violation of Wis.Stat. § 943.34(1)(a) and § 989.05 (parties to crime). The petitioner's confession was used as evidence against him in his trial on the state charges. The petitioner was convicted on the charges of concealing stolen property.

The trial court concluded that the Fox Point police officer gave the petitioner two options: if he did not tell the truth, he would be charged on a state charge of theft; if he did tell the truth, the officer would consider giving him a municipal citation. On appeal, the Wisconsin Court of Appeals affirmed the conviction in the trial court, concluding that the Fox Point police officer gave the petitioner the following two options: if the petitioner did not tell the truth, the matter would get referred to a district attorney; and if the petitioner told the truth, he would get a municipal violation. [146 Wis.2d 869, 431 N.W.2d 329].

*Pharr v. Gudmanson,* No. 89–C–00223, slip op. at 1–3 (E.D.Wis. Dec. 17, 1990).

On appeal, Mr. Pharr argued that his confession to stealing the purses was involuntary for purposes of the Ozaukee County prosecution because the Ozaukee deputy sheriff, by his silence, misled Mr. Pharr to believe that the Fox Point police officer's nonprosecution agreement applied to all state charges.

B. *The Holding of the District Court*

The district court assumed that the Fox Point officer had made a promise to Mr. Pharr that he would not be charged by the state for theft of the purses if he confessed. The court also believed that it was reasonable to infer that the Ozaukee County Sheriff's deputy knew at the time he was in the interrogation room that Mr. Pharr would be charged with possession of the stolen purses, especially if a confession was obtained. Nevertheless, the court held that the promise of the Fox Point police officer could not be imputed to the Ozaukee County Sheriff or Ozaukee County itself. It held further that there was no duty on the part of the officer or the Sheriff to notify the petitioner of the possibility that Ozaukee County might charge him with concealing stolen property. Because we are in substantial agreement with the reasoning of the district court, we shall not set out its approach here in order to avoid needless repetition. Rather, we shall refer to its rationale throughout our own analysis.

### ANALYSIS

A. *Standard of Review*

■ The district court undertook its analysis within the proper analytical framework. It acknowledged that established law requires the reviewing habeas court to make an independent, de novo determination of the voluntariness of the confession. The state court's determination on the issue of voluntariness does not enjoy, under prevailing Supreme Court caselaw, a presumption of correctness; underlying findings of fact, however, are entitled to deference. *See Miller v. Fenton,* 474 U.S. 104, 106, 106 S.Ct. 445, 447, 88 L.Ed.2d 405 (1985); *United States v. Cahill,* 920 F.2d 421, 427 (7th Cir.1990), *cert. denied,* —

U.S. ——, 111 S.Ct. 2058, 114 L.Ed.2d 463 (1991). Given this standard, we must review the voluntariness of the confession as "a legal question requiring *de novo* review." *Cahill*, 920 F.2d at 427.

■ The test for a confession's voluntariness under the Fifth Amendment is whether the confession was "the product of an essentially free and unconstrained choice" by the defendant. *United States v. Mizyed*, 927 F.2d 979, 981 (7th Cir.) (quoting *Culombe v. Connecticut*, 367 U.S. 568, 602, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037 (1961)), *cert. denied*, —— U.S. ——, 111 S.Ct. 2065, 114 L.Ed.2d 470 (1991). In determining whether the confession was voluntary, we examine the "totality of the circumstances" to see if the defendant's will was overborne. *Smith v. Duckworth*, 910 F.2d 1492, 1496 (7th Cir.1990); *see United States v. Haddon*, 927 F.2d 942, 945–46 (7th Cir.1991). Relevant factors include the age of the defendant, his lack of education or low intelligence, the lack of any advice to him of his constitutional rights, the length of his detention, the repeated and prolonged nature of the questioning, and the use of physical punishment. *Id.*

B. *Application to this Case*

The district court's analysis makes it clear that it correctly applied the standards set forth in the preceding subsection.

First, we note, as did the district court, that the record establishes that Mr. Pharr was not easily susceptible to psychological pressure. He was forty-four years of age and had extensive experience with the criminal justice system—over sixty police encounters and thirteen convictions for theft-related offenses since 1980. Next, we also note that, prior to questioning, he received the *Miranda* warnings including the one that anything he said could be used against him, and waived his rights. The questioning was only fifteen minutes long and was cooperative in nature.

■ That Mr. Pharr mistakenly believed that the promise of the Fox Point police officer referred to all state charges is insufficient to render his confession involuntary. *See United States v. Long*, 852 F.2d 975, 978 (7th Cir.1988). First, as the district court concluded, the promise concerned only a charge of theft and did not involve a charge for concealment of stolen goods in Ozaukee County. This finding was consistent with the state courts' findings and had record support. Second, the Fox Point police officer, in failing to advise Mr. Pharr of the possible charge in Ozaukee County, made no misrepresentations to him.[1] "The issue was not misrepresented because it was not represented at all." *United States v. Jordan*, 870 F.2d 1310, 1316 (7th Cir.), *cert. denied*, 493 U.S. 831, 110 S.Ct. 101, 107 L.Ed.2d 65 (1989). Moreover, the record was devoid of any evidence of trickery on the part of either the Fox Point police officer or the Ozaukee deputy sheriff. Most importantly, the possibility of prosecution in Ozaukee County was a collateral consequence of Mr. Pharr's confession, and, as such, was a matter about which the Ozaukee deputy sheriff had no duty to disclose. *See Jordan*, 870 F.2d at 1316–18 (guilty plea was voluntary despite state's attorney's *knowing* failure to advise defendant of its possible use in subsequent federal prosecution; possibility of federal prosecution was a collateral consequence of the plea) (emphasis added); *see also Long*, 852 F.2d at 980 (concurring opinion); *United States v. Rutledge*, 900 F.2d 1127, 1130 (7th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 203, 112 L.Ed.2d 164 (1990). Indeed, the Fox Point police officer had no authority to waive the prosecution. *See* Wis.Stat. § 59.24(1) (1989–90) ("deputies shall keep and preserve the peace *in their respective counties*") (emphasis added).

Because we conclude that there was no Fifth Amendment violation, the judgment of the district court is affirmed.

AFFIRMED.

---

1. *Cf. United States v. Long*, 852 F.2d 975, 978 (7th Cir.1988) ("[L]eading the defendant to believe that he or she will receive lenient treatment when this is unlikely is improper.").