**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles BALDWIN, Defendant–Appellant.**

No. 94–1025.

United States Court of Appeals,
Seventh Circuit.

Submitted April 21, 1995.

Decided July 19, 1995.

Mel S. Johnson, Asst. U.S. Atty., Office of U.S. Atty., Milwaukee, WI, for plaintiff-appellee U.S.

Christopher Lowe, Milwaukee, WI, for defendant-appellant Charles Baldwin.

Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.

POSNER, Chief Judge.

The defendant was convicted of a drug offense and sentenced to 23 years in prison. His only ground for appeal that merits discussion is that inculpatory statements (that he was a habitual user of cocaine and that he routinely carried a gun for protection) that he made to a federal agent who questioned him shortly after he had been arrested should have been suppressed as involuntary. The agent had promised that any cooperation by the defendant would be brought to the prosecutor's attention. This promise, the defendant argues, rendered his statements involuntary. The district court rejected the argument and allowed the statements into evidence.

The conventional standard for appellate review of determinations of the voluntariness of a statement, which in this circuit was established in *United States v. Hawkins*, 823 F.2d 1020, 1022 (7th Cir.1987), is the de novo standard. See, e.g., *United States v. Cichon*, 48 F.3d 269, 275 (7th Cir.1995); *United States v. Benitez*, 34 F.3d 1489, 1495 (9th Cir.1994); *United States v. Burns*, 15 F.3d 211, 216 (1st Cir.1994). But beginning with Judge Easterbrook's concurring opinion in *Sotelo v. Indiana State Prison*, 850 F.2d 1244, 1253–54 (7th Cir.1988), our cases increasingly have questioned the soundness of the conventional approach. *Johnson v. Trigg*, 28 F.3d 639, 645 (7th Cir.1994); *United States v. Rutledge*, 900 F.2d 1127, 1128 (7th Cir.1990); *United States v. Wildes*, 910 F.2d 1484, 1485 (7th Cir.1990); *Wilson v. O'Leary*, 895 F.2d 378, 383 (7th Cir.1990). The cases that follow the approach do so on the authority of *Miller v. Fenton*, 474 U.S. 104, 110, 106 S.Ct. 445, 449, 88 L.Ed.2d 405 (1985), a case that did not involve appellate review of a federal district court's determination of voluntariness. A habeas corpus case in which a state prisoner was seeking to have the federal district court overturn his conviction on the ground that it rested on a coerced confession, *Miller* held that 28 U.S.C. § 2254(d), which requires federal courts in habeas corpus proceedings to presume that state courts' "factual" findings are correct, is inapplicable to the issue of voluntariness. "[T]he ultimate issue of 'voluntariness' is a legal question requiring independent federal review." 474 U.S. at 110, 106 S.Ct. at 449. This is a different matter from whether a federal court of appeals should review de novo a determination of voluntariness made not by a state judge in a state trial but by a federal district judge in a federal trial. Since the relation between federal and state courts and the relation between federal appellate and federal trial courts are not symmetrical, the two questions need not be answered the same way. *Miller* is designed to provide a state prisoner with generous federal review of the constitutional question whether he was convicted with the aid of a coerced confession. It has nothing directly and, as it seems to us at any rate, very little indirectly to do with the scope of appellate review of determinations made by federal judges.

■ Whether a particular confession or other statement was "voluntary" or "involuntary" is a classic instance of a "mixed question of fact and law," that is to say, of the application of a legal standard (that of voluntariness) to "the facts" as a layman would understand them, such as what the agent said to Baldwin, whether it was true, and how much Baldwin knew about how the criminal justice system works. This court, consistent with decisions by the Supreme Court, *McDermott Int'l Inc. v. Wilander*, 498 U.S. 337, 356, 111 S.Ct. 807, 818, 112 L.Ed.2d 866 (1991); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401–05, 110 S.Ct. 2447, 2458–61, 110 L.Ed.2d 359 (1990); *Pierce v. Underwood*, 487 U.S. 552, 559–61, 108 S.Ct. 2541, 2547–48, 101 L.Ed.2d 490 (1988), has moved decisively to the position that appellate review of determinations of mixed questions of fact and law should be governed by the standard of clear error, and not by the de novo standard. E.g., *G.J. Leasing Co. v. Union Electric Co.*, 54 F.3d 379, 381 (7th Cir.1995); *Stevens v. United States*, 49 F.3d 331, 334 (7th Cir. 1995); *Williams v. Commissioner*, 1 F.3d 502, 505 (7th Cir.1993); *United States v. Spears*, 965 F.2d 262, 269–71 (7th Cir.1992); *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 933 (7th Cir.1989) (en banc). The reasons are several. The trial judge, because he is closer to the facts—the court of appeals gets them at second hand—knows more about the premise to which the legal standard (possession, negligence, good faith—or voluntariness, as in the *Stevens* case) is to be applied. He is also more practiced than appellate judges in assessing the significance of facts. And since the legal standard is a given, and only its application to a particular and perhaps unique set of facts is in question, de novo review is not necessary to produce a reasonable uniformity of the legal principles applied within the court's jurisdiction. Uniformity occurs at the level of the standard; it is impossible at the level of application because outcomes vary with the differing facts of different cases.

■ These considerations apply as forcefully to appellate review of determinations of voluntariness as they do to determinations of other mixed questions of fact and law. To our knowledge, no case or other appropriate source of guidance to judges has suggested a reason to suppose these considerations inapplicable, or even less applicable, to determinations of voluntariness. It is true that the issue of voluntariness is constitutional. But so is the issue of probable cause for a search or arrest, and, even closer, the issue of the voluntariness of a waiver of *Miranda* rights and the issue of the voluntariness of a consent to search; yet all three are issues in which appellate review in this circuit is for clear error, rather than being de novo. *United States v. Spears, supra*, 965 F.2d at 269–71; *Bryan v. Warden*, 820 F.2d 217, 219–20 (7th Cir.1987); cf. *United States v. Price*, 54 F.3d 342, 345 (7th Cir.1995). Consistency and common sense require that the issue of the voluntariness of a confession be treated the same way, and we so hold today.

■ Applying the standard of clear error to the present case, we must uphold the judge's ruling that Baldwin's statements were voluntary. Although courts until comparatively recently would sometimes say, quoting *Bram v. United States*, 168 U.S. 532, 542–43, 18 S.Ct. 183, 186–87, 42 L.Ed. 568 (1897), that any confession wrung out of a suspect by promises or threats is involuntary, e.g., *United States v. Costello*, 750 F.2d 553, 555 (7th Cir.1984); *United States v. Jackson*, 918 F.2d 236, 241–42 (1st Cir.1990), that had ceased to be the actual test of involuntariness long before the formal interment of *Bram* in *Arizona v. Fulminante*, 499 U.S. 279, 285, 111 S.Ct. 1246, 1251, 113 L.Ed.2d 302 (1991). As we explained in *United States v. Rutledge, supra*, 900 F.2d at 1130, the proper test is whether the interrogator resorted to tactics that in the circumstances prevented the suspect from making a rational decision whether to confess or otherwise inculpate himself. A false promise of lenience would be an example of forbidden tactics, for it would impede the suspect in making an informed choice as to whether he was better off confessing or clamming up. But "government is not forbidden to buy information with honest promises of consideration." *Id.* at 1130. And as it is well known that the suspect's cooperation, by lightening the government's burdens of investigation and prosecution, is looked upon

favorably by prosecutors and judges, what the agent told the defendant was very close to being a truism; it is not claimed to have been false and misleading; and the defendant was not a tyro or ignoramus, but a 39–year–old with a long history of involvement in the criminal justice system. The district court's conclusion that, in these circumstances, the statements were voluntary cannot be considered clearly erroneous.

Because this decision overrules a previous decision of the court (*Hawkins*) and creates an intercircuit conflict, it was circulated to the full court in accordance with 7th Cir.R. 40(f). A majority of the active judges voted not to hear the case en banc, Judges Coffey, Flaum, Ripple, and Rovner dissenting.

AFFIRMED.

FAIRCHILD, Circuit Judge, concurring.

I concur in affirmance. Applying the *de novo* standard, I have no difficulty in concluding that Baldwin's decision to make a statement was not unconstitutionally induced.

Looking at the issue of voluntariness as a question of a mental state, I can agree that it is anomalous not to treat it as an issue of fact. Issues as to intent, knowledge, wilfulness and the like, are treated as issues of fact. On review of a trial court finding on those issues, the appellate court is deferential, rejecting the finding only if clearly erroneous.

In the light of *Miller v. Fenton*, 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), however, I do not think we are free to hold that the constitutional issue of voluntariness is an issue of fact. *Miller*, of course, was a *habeas* proceeding, challenging a state conviction, and not a federal criminal case. The analysis, said the Court, is whether "tactics for eliciting inculpatory statements must fall within the broad constitutional boundaries imposed by the Fourteenth Amendment's guarantee of fundamental fairness." *Id.* at p. 110, 106 S.Ct. at p. 449. Is the issue different when the accused relies on the due process guaranteed to a federal defendant by the Fifth Amendment?

It is true that in the *Miller* context, the ultimate holding was that the issue of "voluntariness" requires "independent federal de-

termination." *Id.* at pp. 110, 112, 113, 115, 106 S.Ct. at pp. 449, 450, 451, 452. The predicate of the holding, however, appears to be the character of the issue. Thus, "the ultimate issue of 'voluntariness' is *a legal question* requiring independent federal determination," *id.* at p. 110, 106 S.Ct. at p. 449, "was a '*mixed questio[n] of fact and law*' subject to plenary federal review," *id.* at p. 112, 106 S.Ct. at p. 450, "*a legal inquiry* requiring plenary federal review," *id.* at p. 115, 106 S.Ct. at p. 452 (emphasis supplied).

The Court said:

In addition to considerations of *stare decisis* and congressional intent, the nature of the inquiry itself lends support to the conclusion that "voluntariness" is a legal question meriting independent consideration in a federal habeas corpus proceeding. Although sometimes framed as an issue of "psychological fact," *Culombe v. Connecticut*, 367 U.S. [568], at 603 [81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037 (1961)], the dispositive question of the voluntariness of a confession has always had a uniquely legal dimension.

*Id.* at pp. 115–16, 106 S.Ct. at p. 452.

It has been suggested that the issue might be classified as one of law for the purpose of requiring federal review in a *habeas* proceeding, but one of fact for the purpose of appellate review. *Weidner v. Thieret*, 866 F.2d 958, 961 (7th Cir.1989); *Wilson v. O'Leary*, 895 F.2d 378, 383 (7th Cir.1990); *United States v. Wildes*, 910 F.2d 1484, 1485 (7th Cir.1990).

The constitutional right of a defendant in a state criminal case not to have a statement used against him unless it is voluntary must be virtually the same as that of a defendant in a criminal case in a federal court. I have seen no analysis which justifies treating voluntariness as an issue of law when a *habeas* proceeding is before a district court, but an issue of fact when a court of appeals reviews a judgment of a federal district court.

FLAUM, Circuit Judge, with whom ILANA DIAMOND ROVNER, Circuit Judge, joins, dissenting from the denial of rehearing en banc.

Respectfully, it is my judgment that the manner in which we review the voluntariness

of confessions on direct appeal is exactly the type of issue deserving of en banc consideration, especially when we are overruling the law of the circuit, creating intercircuit conflicts, and placing a questionable spin on Supreme Court precedent. *See* Rovner, J., Dissent from Denial of Rehearing En Banc at 368. Quite apart from the issue of operating with a short-handed court, *see* Ripple, J., Dissent from Denial of Rehearing En Banc at —— & n. 1, this court's use of a case from our non-argued calendar, with limited briefing, to decide a significant point of law not necessary to final disposition, is not in my view the best way to go about our business. Recognizing this circuit's apparent desire to be the most proactive court in the country on questions of expanding deferential review, *see, e.g., United States v. Spears*, 965 F.2d 262, 268–71 (7th Cir.) (applying clearly erroneous review for trial court's determinations in cases involving warrantless seizures under the Fourth Amendment), *cert. denied*, —— U.S. ——, 113 S.Ct. 502, 121 L.Ed.2d 438 (1992); *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 930 (7th Cir.1989) (en banc) (rejecting *de novo* and applying deferential review for trial court decisions to impose Rule 11 sanctions), I believe we should painstakingly examine this vexing predilection to lessen our review capacity.

RIPPLE, Circuit Judge, with whom ILANA DIAMOND ROVNER, Circuit Judge, joins, dissenting from the denial of rehearing en banc.

Today the court, despite its bobtailed condition,[1] takes this occasion to change, through our mail-vote Circuit Rule 40(f) procedure, a major issue in criminal procedure—the standard of review governing the voluntariness of a confession. It takes that action in a case in which the United States explicitly conceded that the standard of review is not outcome-determinative.

In taking this summary action, the court alters the established law of the circuit,[2] departs from the great weight of authority among the circuits,[3] and fails to come to

1. *See North Ga. Finishing, Inc. v. Di–Chem, Inc.*, 419 U.S. 601, 615, 95 S.Ct. 719, 727, 42 L.Ed.2d 751 (1975) (Blackmun, J., dissenting).

2. *See, e.g., United States v. Cichon*, 48 F.3d 269, 275 (7th Cir.1995), *petition for cert. filed* (May 18, 1995) (No. 94–9315); *United States v. Sablotny*, 21 F.3d 747, 752 (7th Cir.1994); *United States v. Montgomery*, 14 F.3d 1189, 1194 (7th Cir.1994); *United States v. White*, 979 F.2d 539, 543 (7th Cir.1992); *United States v. McGuire*, 957 F.2d 310, 315 (7th Cir.1992); *United States v. Cahill*, 920 F.2d 421, 427 (7th Cir.1990), *cert. denied*, 500 U.S. 934, 111 S.Ct. 2058, 114 L.Ed.2d 463 (1991); *United States v. Fazio*, 914 F.2d 950, 956 n. 9 (7th Cir.1990); *United States v. Harris*, 914 F.2d 927, 933 (7th Cir.1990); *United States v. Hocking*, 860 F.2d 769, 773 (7th Cir.1988); *United States v. Hawkins*, 823 F.2d 1020, 1022–23 (7th Cir.1987). This circuit's habeas corpus decisions incorporating the de novo standard of review for voluntariness of a confession include *Lord v. Duckworth*, 29 F.3d 1216, 1222 (7th Cir. 1994); *Baskin v. Clark*, 956 F.2d 142, 145 (7th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 109, 121 L.Ed.2d 67 (1992); *Pharr v. Gudmanson*, 951 F.2d 117, 119–20 (7th Cir.1991); *Bae v. Peters*, 950 F.2d 469, 474 (7th Cir.1991); *Mikel v. Thieret*, 887 F.2d 733, 739 (7th Cir.1989); *Sotelo v. Indiana State Prison*, 850 F.2d 1244, 1247 (7th Cir.1988); *Bryan v. Warden*, 820 F.2d 217, 219 (7th Cir.), *cert. denied*, 484 U.S. 867, 108 S.Ct. 190, 98 L.Ed.2d 142 (1987). *But see, e.g., United States v. Taylor*, 31 F.3d 459, 463 (7th Cir.1994) (stating standard as one of fact to be decided by trial judge); *id.* at 468 (Ripple, J., concurring and dissenting, stating that this circuit's precedent uses a de novo review of the question of voluntariness); *Johnson v. Trigg*, 28 F.3d 639, 645 (7th Cir.1994) (questioning applicability of de novo standard for voluntariness issues); *United States v. Haddon*, 927 F.2d 942, 946–47 (7th Cir.1991) (using a totality of the circumstances balancing test); *United States v. Rutledge*, 900 F.2d 1127, 1128–29 (7th Cir.), *cert. denied*, 498 U.S. 875, 111 S.Ct. 203, 112 L.Ed.2d 164 (1990) (expressing doubt about soundness of de novo standard); *Wilson v. O'Leary*, 895 F.2d 378, 383 (7th Cir.1990) (questioning voluntariness as issue of law rather than fact); *United States v. Rodriguez*, 888 F.2d 519, 522 n. 1 (7th Cir.1989) (listing cases disputing de novo review).

3. *See, e.g., United States v. Yunis*, 859 F.2d 953, 958 (D.C.Cir.1988); *United States v. Burns*, 15 F.3d 211, 216 (1st Cir.1994); *Green v. Scully*, 850 F.2d 894, 900 (2d Cir.), *cert. denied*, 488 U.S. 945, 109 S.Ct. 374, 102 L.Ed.2d 363 (1988); *United States v. Velasquez*, 885 F.2d 1076, 1086 (3d Cir.1989), *cert. denied*, 494 U.S. 1017, 110 S.Ct. 1321, 108 L.Ed.2d 497 (1990); *United States v. Pelton*, 835 F.2d 1067, 1072 (4th Cir. 1987), *cert. denied*, 486 U.S. 1010, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988); *United States v. Scurlock*, 52 F.3d 531, 536 (5th Cir.1995); *United States v. Rigsby*, 943 F.2d 631, 635 (6th Cir. 1991), *cert. denied*, 503 U.S. 908, 112 S.Ct. 1269, 117 L.Ed.2d 496 (1992); *United States v. Robinson*, 20 F.3d 320, 322 (8th Cir.1994); *United*

grips with existing Supreme Court precedent.[4] It takes this action despite the presence on our docket of an appeal by the United States, presumably with the permission of the Solicitor General, in which the government has taken a position contrary to the one we adopt today.[5]

It is indeed sad that many of the judges of the court believe that, on so important an issue, neither the argument of counsel at oral argument nor the collegial discussion of the conference room is appropriate to the decision-making process. Too many cases and too few judges produce hydraulic pressures that subtly transform an institution from a case-deciding institution to a case-processing institution. Today's action is concrete proof that we already have undergone a great deal of that transformation.

ILANA DIAMOND ROVNER, Circuit Judge, with whom RIPPLE, Circuit Judge, joins, dissenting from the denial of rehearing en banc.

This case merits the careful consideration of the full court. The panel majority's opinion not only places us in conflict with our sister circuits, as Judge Ripple points out (Ripple, J., Dissent from Denial of Rehearing En Banc, *supra,* at 367 & n. 3), but hinges on a reading of *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), that I believe at the very least is open to question. Granted, the precise question before the Court in *Miller* was the degree of deference that a state court determination of voluntariness should be given by a federal habeas court. But in resolving that question, the Court considered at some length the nature of the voluntariness assessment, and where it falls in the spectrum between findings of

purely "historical" fact reviewed for clear error and legal determinations subject to de novo review. In discussing the appropriate methodology for deeming a particular question one of "law" or of "fact" the Court noted:

> Where ... the relevant legal principle can be given meaning only through its application to the particular circumstances of a case, the Court has been reluctant to give the trier of fact's conclusions presumptive force and, in so doing, strip a federal appellate court of its primary function as an expositor of law.

*Id.* at 114, 106 S.Ct. at 451.

In deciding that the voluntariness determination was one that required independent review in habeas proceedings, the Court left little doubt that it did *not* consider this to be the type of factual question normally entitled to deference on appeal:

> Although sometimes framed as an issue of "psychological fact," the dispositive question of the voluntariness of a confession has always had a uniquely legal dimension. It is telling that in confession cases coming from the States, this Court has consistently looked to the Due Process Clause of the Fourteenth Amendment to test admissibility. The locus of the right is significant because it reflects the Court's consistently held view that the admissibility of a confession turns as much on whether the techniques for extracting the statements, as applied to *this* suspect, are compatible with a system that presumes innocence and assures that a conviction will not be secured by inquisitorial means as on whether the defendant's will was in fact overborne. This hybrid quality of the voluntariness inquiry, subsuming, as it does, a "complex

States v. Benitez, 34 F.3d 1489, 1495 (9th Cir. 1994), cert. denied, —— U.S. ——, 115 S.Ct. 1268, 131 L.Ed.2d 146 (1995); United States v. Muniz, 1 F.3d 1018, 1021 (10th Cir.), cert. denied, 114 S.Ct. 575, 126 L.Ed.2d 474 (1993); Stano v. Butterworth, 51 F.3d 942, 944 (11th Cir.1995); Coleman v. Singletary, 30 F.3d 1420, 1426 (11th Cir.1994), cert. denied, —— U.S. ——, 115 S.Ct. 1801, 131 L.Ed.2d 727 (1995). But see United States v. Mendoza–Cecelia, 963 F.2d 1467, 1475 (11th Cir.), cert. denied, —— U.S. ——, 113 S.Ct. 436, 121 L.Ed.2d 356 (1992) (reviewing under clear error standard).

**4.** See Beckwith v. United States, 425 U.S. 341, 348, 96 S.Ct. 1612, 1617, 48 L.Ed.2d 1 (1976); Davis v. North Carolina, 384 U.S. 737, 741–42, 86 S.Ct. 1761, 1764–65, 16 L.Ed.2d 895 (1966). See also Miller v. Fenton, 474 U.S. 104, 110, 106 S.Ct. 445, 449, 88 L.Ed.2d 405 (1985).

**5.** See United States v. D.F., No. 94–2900, Government Br. at 17 (relying on Miller v. Fenton, 474 U.S. 104, 110, 106 S.Ct. 445, 449, 88 L.Ed.2d 405 (1985) and United States v. Montgomery, 14 F.3d 1189, 1194 (7th Cir.1994), for its position that the voluntariness of a statement is subject to de novo review).

of values," itself militates against treating the question as one of simple historical fact.

*Id.* at 115–16, 106 S.Ct. at 452–53 (emphasis in original) (footnote and citations omitted).

As Judge Fairchild asks in his concurring opinion, "Is the issue any different when the accused relies on the due process guaranteed to a federal defendant by the Fifth Amendment?" *Supra* at 366. I think not. Indeed, the Supreme Court itself, when confronted with an involuntary confession claim in a federal prosecution, expressly observed that "[w]hen such a claim is raised, it is the duty of an appellate court, including this Court, 'to examine the entire record and make an independent determination of the ultimate issue of voluntariness.'" *Beckwith v. United States,* 425 U.S. 341, 348, 96 S.Ct. 1612, 1617, 48 L.Ed.2d 1 (1976) (quoting *Davis v. North Carolina,* 384 U.S. 737, 741–42, 86 S.Ct. 1761, 1764, 16 L.Ed.2d 895 (1966)).

Both *Miller* and *Beckwith* speak directly to the question that the panel majority has posed and, in my view, they point to the *de novo* standard of review we have applied until today. Our departure from that standard demands far more attention than the court has given it.