69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kevin L. NEAL, Plaintiff-Appellant,
v.
James W. FAIRMAN, Jr., et al., Defendants-Appellees.
 No. 94-2904.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1995.*
Decided Nov. 2, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Kevin Neal, an inmate at the Joliet Correctional Center, filed suit against prison officials under 42 U.S.C. Sec. 1983. He asserted that the officials violated his rights under the Eighth and Fourteenth Amendments by placing him in segregation improperly on several different occasions. The district court granted judgment for the defendants on all counts. Neal appeals, arguing that the district court erred in granting judgment for the defendants and in denying Neal's motions to appoint counsel and to compel discovery. We affirm.
 
 
 2
 The district court granted judgment for the defendants "for reasons stated in open court" after a pre-trial hearing at which the court instructed the parties to present their evidence.[1] Neal has failed to ensure that the record contains a copy of the transcript from that hearing, making it difficult for this court to evaluate Neal's claims. Although we may dismiss the appeal entirely because of a deficient record, Fed.R.App.P. 10(b) and 3(a), Casualty Indemnity Exchange v. Village of Crete, 731 F.2d 457, 460 (7th Cir.1984), we will review Neal's claims using the portions of the record provided and the explanation offered by the district court when it declined to reconsider its decision See Fisher v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989) (appellate review appropriate if "meaningful review" possible).
 
 
 3
 All of Neal's claims involve his placement in segregation. Count I is based on an incident on September 28, 1990, when Neal, who had his own cell, refused to accept a cellmate and was moved into segregation. Count II alleges that the defendants failed to release Neal from segregation on the proper date, and that he was kept in segregation wrongfully for another two months. Count III is based upon a disciplinary hearing held on February 21, 1991. Neal had been issued a disciplinary ticket after he refused to occupy a shared cell and threatened an officer. He was found to have violated prison regulations and given segregation time and denial of commissary privileges, but contends his due process rights were violated because the evidence presented was insufficient to convict him. Counts IV and V involve disciplinary hearings on tickets issued after Neal again refused to occupy a shared cell. He contends that he was kept in segregation although the infractions were not serious enough to warrant such treatment. Finally, in Count VI, Neal alleges a failure to release him from segregation on the proper date.
 
 
 4
 The district court concluded, and we agree, that Neal was not denied his right to due process.[2] We review a district court's determinations of mixed questions of fact and law under a clearly erroneous standard, United States v. Baldwin, 60 F.3d 363, 365 (7th Cir.1995), and will not set aside its findings unless "it leaves us with the definite and firm conviction that a mistake has been committed, a conviction we cannot reach if the trial judge chose between permissible views of the evidence." Roper v. Peabody Coal Co., 47 F.3d 925, 927 (7th Cir.1995) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985)). On Counts I, II, and VI, the court found that no disciplinary tickets were issued. Because the counts involved no violations or punishments, the court found that Neal was placed in administrative segregation and could not claim improper placement in disciplinary segregation. The court further found that Neal was not punished with segregation for the violations in Count IV and V (although other punishments were imposed). It found that he was not in disciplinary segregation, but in administrative segregation because of his continued refusal to share a cell. Finally, the court found that, for Count III, Neal was granted a hearing at which he had an opportunity to present his case, but he refused to speak. Based upon the record, we believe that the facts were essentially undisputed, and we cannot find that, under the circumstances, the district court's determinations were clearly erroneous.
 
 
 5
 Neal cannot make a due process claim based on his confinement in administrative segregation as alleged in Counts I, II, IV, V, and VI. When a plaintiff brings an action under Sec. 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. Zinermon v. Burch, 494 U.S. 113, 125 (1990) (citing Parratt v. Taylor, 451 U.S. 527, 537 (1981)). A prisoner has no liberty interest in remaining in the general prison population. Hewitt v. Helms, 459 U.S. 460, 467-68 (1983); Meriwether v. Lewis, 821 F.2d 408, 414 (7th Cir.1987); see also Sandin v. Conner, 115 S.Ct. 2293, 2300-01 (1995). In fact, absent a statutory or regulatory bar, "a prisoner may be transferred for any reason, or for no reason at all." Williams v. Faulkner, 837 F.2d 304, 309 (7th Cir.1988), aff'd sub nom Neitzke v. Williams, 490 U.S. 319 (1989). Where there is no liberty interest, there can be no due process violation.
 
 
 6
 Neal's claims must fail even if we accept Neal's assertion that he was actually being punished for his refusal to accept a cellmate. The Due Process Clause does not necessarily protect prisoners against the imposition of disciplinary segregation. Sandin v. Conner, 115 S.Ct. 2293, 2300-01 (1995). Similarly, Neal cannot identify any violation of a state-created liberty interest. Sandin limits state-created liberty interests to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 2300.
 
 
 7
 Sandin shifts the due process inquiry away from the language of regulations and toward the nature of the deprivation suffered. Id. at 2301. In the disciplinary segregation context, there is no liberty interest without an "atypical, significant" deprivation. Id. In Sandin, the Supreme Court relied upon three factors in determining that, under the circumstances, the prisoner Conner possessed no liberty interest in remaining free from disciplinary segregation: 1) disciplinary segregation was little different from discretionary forms of segregation; 2) comparison between Conner's confinement and conditions in the general population showed that Conner suffered no "major disruption in his environment"; and 3) the length of Conner's sentence was not affected. Id.
 
 
 8
 In this case, Neal suffered no "atypical, significant deprivation" by being placed in segregation. In fact, he admitted in his deposition and to the district court that he had refused to rejoin the general population when told he would have to share a cell. As the Supreme Court noted in Sandin, "Conner's own expectations have at times reflected a personal preference for the quietude of the Special Holding Unit. Although we do not think a prisoner's subjective expectations dispositive of the liberty interest analysis, it does provide some evidence that the conditions suffered were expected within the contour of the actual sentence imposed." Id. at 2301 n. 9. Neal suffered no disruption to his environment (in fact, in his opinion it was a preferred environment) and the length of his sentence was not affected. Therefore, even if the district court had erred and Neal in fact was placed in disciplinary segregation, no liberty interest is implicated.
 
 
 9
 Similarly, Neal's Count III claim must fail. Neal alleges that his rights were violated because, although he was given a hearing at which he had an opportunity to present his case, he was found in violation of regulations without evidence. A prison disciplinary decision which affects a liberty interest must be supported by some evidence, Superintendent v. Hill, 472 U.S. 445, 447 (1985), "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board," id. at 455-56. Thus, a finding that some evidence is required depends upon the determination that a liberty interest is at stake. After Sandin, to establish a liberty interest Neal must show that the deficient disciplinary hearing resulted in a significant deprivation. Sandin, 115 S.Ct. at 2301. For the offense involved in Count III, Neal received a month in segregation and two months of commissary denial. Under the circumstances of this case, we do not find that to be a significant deprivation. Moreover, even if Neal had a liberty interest, here the record includes a prison employee's written report of the incident as well as the written report of the disciplinary proceedings. The employee's report constitutes evidence that could support the disciplinary committee's finding of guilt, so we would find no violation of Neal's right to due process.
 
 
 10
 Neal also contests the district court's denial of two motions to appoint counsel. Plaintiffs have no constitutional or statutory right to counsel in federal civil cases. Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.), cert. denied, 114 S.Ct. 438 (1993). The district court may choose to request counsel. 28 U.S.C. Sec. 1915(d). We review the district court's decision only for abuse of discretion, "which we shall override only in that extreme case in which it should have been plain beyond doubt before the trial began that the difficulty of the issues relative to the capabilities of the litigant would make it impossible for him to obtain any sort of justice without the aid of a lawyer." Farmer, 990 F.2d at 323. The district court, ruling before Farmer was decided, evaluated Neal's motions using the factors enunciated in Maclin v. Freake, 650 F.2d 885 (7th Cir.1981). Farmer only simplified the Maclin factors. See Farmer, 990 F.2d at 321. Under both Maclin and Farmer, the district court's refusal to request counsel did not rise to the level of abuse; the issues Neal raises are not complex enough to demand the presence of an attorney for effective litigation.
 
 
 11
 Finally, Neal contests the district court's denial of three motions to compel discovery.[3] Neal's first two motions were denied for failure to comply with General Rule 12(k) of the Rules for the Northern District of Illinois. Rule 12(k) requires parties to attempt to resolve discovery disputes between themselves before petitioning the court. The third, which was filed on the eve of trial four months after discovery was closed and three months after the pretrial order was filed, was denied as untimely. The district court has great discretion in handling discovery matters, and its decisions on discovery questions are reviewed only for abuse. Jurcev v. Central Comm. Hosp., 7 F.3d 618, 627 (7th Cir.1993), cert. denied, 114 S.Ct. 1830 (1994). "We will not disturb a trial judge's exercise of discretion unless it is established that the denial of the requested discovery 'would result in actual and substantial prejudice to the complaining litigant.' " Jurcev, 7 F.3d at 627 (citation omitted).
 
 
 12
 Neal has failed to meet this test. The district court had valid reasons for denying Neal's motions, and we are unable to conclude that those denials rose to the level of substantial prejudice. Neal's first motion did not comply with Rule 12(k). After the denial of his second motion, Neal petitioned for reconsideration and contended that he had attempted to comply with Rule 12(k); the district court considered this argument but denied Neal's motion because it was premature, stating that discovery was unnecessary until the defendants requested summary judgment or the case was set for trial. Neal's third motion was untimely. After the court opened discovery, Neal had ample opportunity to request discovery either before the district court's cutoff date or earlier in the months between that date and the date set for trial. He cannot rest a claim of prejudice upon his own failure to act. Although Neal argues that he was hampered by the necessity of using the mail rather than personal consultations, he gives no reason why he could not have petitioned the court sooner.
 
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 We note that this proceeding afforded Neal a hearing in the district court, as it allowed Neal to set forth his claims and evidence with which to substantiate them
 
 
 [2]
 Although Neal's original complaint also asserted that his Eighth Amendment rights were violated, Neal's appellate brief is cast solely in terms of due process. An appellant waives issues he does not argue in his opening brief. Bobo v. Kolb, 969 F.2d 391, 400 (7th Cir.1992)
 
 
 [3]
 Neal also claims it was error for the district court to grant judgment for the defendants before ruling on his pending discovery motion. The record does not reveal that any discovery motions were pending at the time of the hearing