124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United STATES of America, Plaintiff-Appellee,
v.
Charles Baldwin, Defendant-Appellant.
 No. 94-1025.
 United States Court of Appeals, Seventh Circuit.
 Aug. 14, 1997.
 
 1
 Appeal from the United States District Court for the Eastern District of Wisconsin.
 
 
 2
 Before Hon. Richard A. Posner, Chief Judge Hon. Thomas E. Fairchild, Circuit Judge Hon. Michael S. Kanne, Circuit Judge
 
 
 3
 Our decision upholding Baldwin's conviction, 60 F.3d 363 (7th Cir.1995), was va-cated by the Supreme Court, and the case remanded to this court for reconsideration in light of Ornelas v. United States, 116 S.Ct. 1657 (1996). Ornelas held that the issue of prob-able cause is to be determined by the appellate court de novo. Our Baldwin decision had held that the similar issue of the voluntariness of a confession or other incriminating statement is to be reviewed only for clear error. Recently we held, in United States v. D.F., 115 F.3d 413 (7th Cir.1997), that in light of Ornelas the issue of voluntariness should also be determined de novo.
 
 
 4
 In its 7th Cir. R. 54 statement in the present case, following the remand by the Supreme Court, the Department of Justice argued, anticipating D.F., that the de novo standard was the correct one to apply here but that, so applied, it required affirmance of the conviction. We construed the Department's statement as a motion for summary affirmance and asked the defendant to respond. He has done so. His response ac-knowledges that the only statement made to him in an effort to induce him to make a statement was that the interrogator would bring Baldwin's cooperation to the attention of the prosecutor. (Baldwin testified that the interrogator made an express promise of leniency, but the question what words were used presented a mere issue of credibility that the district court resolved against him.) He further acknowledges that in United States v. Pace, 898 F.2d 1218 (7th Cir.1990), this court held that such a statement is not coercive and does not render a confession elicited by it involuntary. Baldwin asks us to overrule Pace, but does not state any reasons for why we should. We decline to do so; we point out that Pace is buttressed by other decisions, such as United States v. Rut-ledge, 900 F.2d 1127, 1130 (7th Cir.1990); and we reaffirm the judgment.
 
 
 5
 AFFIRMED.